THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MAURICE ANDERSON *et al.*, Defendants-Appellants.

Second District   Nos. 78-92, 78-93 cons.

Opinion filed April 27, 1979.

Mary Robinson and Elizabeth E. Clarke, both of State Appellate Defender's Office, of Elgin, for appellants.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendants, Maurice Anderson and Michael Gipson, were each charged by information with the crime of burglary; defendant Anderson was also charged by information with the crime of escape. Initially, both defendants pleaded not guilty to all charges, but subsequently the not guilty pleas were withdrawn and both defendants entered straight pleas of guilty to the crimes charged. Both defendants were admonished as to their rights under Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402).

At the sentencing hearing on December 5, 1977, Brian Philbin from the Gateway House Foundation testified as to interviews he had conducted with both defendants; he further stated that he would be willing to accept both defendants for residential live-in placement at Gateway House for treatment for drug addiction. The trial court took the matter under consideration; at a hearing on December 7, 1977, it refused to grant defendants probation in order for them to obtain treatment at Gateway House.

The trial court then imposed sentences of three to six years imprisonment on each defendant on the charge of burglary; defendant Anderson was also given a sentence of three to six years imprisonment on the charge of escape to be served concurrently with his sentence for burglary. Following some discussion off the record, the trial court announced that in view of the sentencing requirement that there be a spread in multiples of three, the sentence on each charge was to be corrected to three to nine years' imprisonment. The sole issue raised by defendants on this appeal is whether the trial court abused its discretion in its increase of defendants' maximum terms by three years.

Initially, the State contends that the merits of this issue should not be reached since defendants have failed to file motions to withdraw their guilty pleas. (See *People v. Stacey* (1977), 68 Ill. 2d. 261, 369 N.E.2d 1254.) However, in considering the State's contention, we note the following colloquy which occurred at trial:

> "THE COURT: * * * Now, back to appeal. You have the right to appeal this, Mr. Anderson. You have the right to move to vacate the judgment, withdraw your guilty plea if done within 30 days,

and if still not having sufficient money to hire your attorney, the Court will appoint a public defender to represent you.

Do you understand that?

DEFENDANT ANDERSON: Yes.

THE COURT: Now then, do you wish the Court to enter an appeal at this time—

DEFENDANT ANDERSON: Yes.

THE COURT:—on the sentencing?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: Let me direct the clerk to file a notice of appeal in this case."

Substantially the same colloquy was then held between the trial court and defendant Gipson.

In *People v. Brooks* (1977), 54 Ill. App. 3d 963, 369 N.E.2d 1353, the trial court advised defendant of his right to petition the trial court for leave to withdraw his guilty plea and added that defendant could also appeal the question of the sentence. Later the trial court, at defendant's request, appointed a public defender to represent him on appeal and told defendant that he did not have to file the notice of appeal himself and to direct all further inquiries to the public defender's office. In refusing to dismiss the appeal for failure to move to withdraw defendant's guilty plea, the reviewing court concluded that the trial court's directions were at best ambiguous; that defendant was then left with the impression that he could also appeal his sentence without first filing a motion to withdraw his guilty plea; and that this was reinforced when the trial court informed defendant that the public defender would file the notice of appeal, despite the fact no motion to vacate the guilty plea had been filed. Therefore, the reviewing court held that it would review the merits of the appeal.

■■ From the colloquy quoted from the case before us it is apparent that the same type of confusion as in *Brooks* arose here as to the proper procedure to be followed. Therefore, we will not dismiss the appeal and will proceed to consider the issue raised by the defendants.

■■ While reviewing courts have the power under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)) to reduce sentences imposed by trial courts, a sentence should not be altered on appeal absent an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d. 149, 368 N.E.2d 882.) Defendants contend that the trial court abused its discretion when it modified the sentences imposed from three to six years to three to nine years imprisonment as it failed to adhere as close as possible to the original sentence it had intended. The defendants suggest the trial court could have done so by decreasing the minimum sentence by one year rather than by increasing the maximum by three years. It is

clear from the record however, that the trial court intended to impose three year minimum sentences on defendants and therefore adjusted the maximum sentences accordingly. Given the previous records of the defendants, the sentences imposed were not an abuse of discretion.

Therefore, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.