THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ORLANDO EARL DORSEY, Defendant-Appellant.

Fourth District   No. 4—84—0090

Opinion filed November 30, 1984.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant pleaded guilty in the circuit court of Champaign County to two counts of rape and one count of aggravated battery in violation of sections 11—1 and 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 11—1, 12—4). He was sentenced to concurrent terms of 20 years' imprisonment on each of the rape convictions and five years' imprisonment on the aggravated battery conviction.

Defendant concedes that he failed to file a motion to withdraw his guilty plea within 30 days from the judgment entered herein as required by Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) before an appeal may be taken from judgment entered on a guilty plea. He contends, however, that this omission should be excused by the trial judge's failure to properly admonish him regarding his appellate rights as required by Supreme Court Rule 605(b) (87 Ill. 2d R. 605(b)). The State responds that defendant was properly admonished as to his appellate rights and asserts that this appeal should be dismissed for

the failure of defendant to file a motion to withdraw his guilty plea in the trial court.

After the sentences were pronounced, the following colloquy took place between the court and defendant Dorsey:

"THE COURT: Mr. Dorsey, the law requires me to advise you about your rights of appeal from your plea of guilty. You have the right to ask the court to withdraw your plea or pleas, which means you have the right to ask the court to take back those pleas of guilty.

To do that you have to file in this court within 30 days of today a written request that you be given the opportunity to take back those pleas. If that request was allowed and your pleas were given back to you, the charges to which you pleaded guilty would be set for a full trial, along with any other charges which were dismissed in this case, they would also be set for trial. If you are unable to afford an attorney to assist you in that kind of a proceeding, an attorney would be appointed for you free of charge, and if you are unable to afford a written record of what went on here today, and also back on January 6th when you pleaded guilty, that written record would be provided for you free of charge. Do you understand your appellate rights?

MR. DORSEY: Yeah.

THE COURT: Defendant advised of his appellate rights pursuant to Supreme Court Rule 605.

MISS LENIK [Defense Counsel]: Your honor, we would ask that an appeal be ordered.

THE COURT: From the sentence?

MISS LENIK: Yes, judge.

THE COURT: All right.

MR. SILVERMAN [Defense Counsel]: Judge, I am not sure, I don't know whether we have to ask to withdraw the plea to procedurally appeal it or if we can just appeal the sentence directly.

THE COURT: Well, I suppose that's for the lawyer to decide. But, I will direct the clerk to file a notice of appeal and prepare the record, the court reporter is directed to prepare the report of proceedings of today and on January 6th, 1984. The State Appellate Defender is appointed to represent the Defendant on appeal. The clerk is to notify the State Appellate Defender of his appointment."

Supreme Court Rule 605(b) requires that:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) That he has a right to appeal;

(2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) That if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) That upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) That if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) That in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived."

■ Upon consideration of the mandates of Supreme Court Rule 605(b), it is apparent that the admonishments in this case were insufficient to properly advise defendant of his appellate rights. The trial judge failed to substantially admonish defendant that a motion to withdraw his pleas and vacate the judgment entered thereon was a prerequisite to appeal and that any issue not raised in such a motion would be waived. The judge's response to defense counsel's inquiry about the procedural requirements for appeal failed to inform defendant of his rights in this regard. This error was compounded when the judge ordered the clerk to file a notice of appeal although there was at that point no existing order from which properly to appeal.

■ ■ It is fundamental that a notice of appeal cannot substitute for a Rule 604(d) motion and that an appeal from judgment entered on guilty pleas in the absence of such motion must be dismissed. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.) However, where the trial court fails to properly admonish the defendant regarding his appellate rights in compliance with Supreme Court Rule 605(b), a defendant should not be penalized for failing to follow the proper procedure to preserve those rights. *People v. Anderson* (1979), 71 Ill.

App. 3d 176, 389 N.E.2d 204.

■ The defendant has set forth no claims of error regarding the entry of his guilty pleas but requests only that this case be remanded to allow him the opportunity to file a proper motion to withdraw his pleas. As stated in *People v. Ahlstrand* (1983), 113 Ill. App. 3d 363, 447 N.E.2d 517, a defendant in this situation should accompany his request for remandment with a showing of the facts, if available, upon which he relies to secure the withdrawal of his pleas.

■ It appears from the record that defendant's sole complaint below was the length of his sentences. This complaint is not recognized as a sufficient ground, standing alone, to allow the withdrawal of the guilty pleas. However, given the present posture of this case, we have no alternative but to remand the case with directions to allow defendant to file a motion to withdraw his guilty pleas within 30 days from the return of this case to the trial court and thereafter to proceed in accordance with Supreme Court Rule 604(d). *People v. Saldana* (1977), 53 Ill. App. 3d 636, 368 N.E.2d 1055.

Remanded with directions.

TRAPP and MILLER, JJ., concur.