THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT WOODS, Defendant-Appellant.

Fourth District   No. 4—84—0714

Opinion filed June 26, 1985.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Denise M. Ambrose, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, Robert Woods, pleaded guilty to the offense of indecent liberties with a child, and the trial court sentenced him to 10 years' imprisonment. Defendant appeals from the trial court's denial of his motion to reconsider the sentence or to withdraw the guilty plea and vacate the judgment. He maintains: (1) The trial court did not substantially comply with Supreme Court Rule 402(b) (87 Ill. 2d R. 402(b)); (2) the trial court improperly denied his request for a mental examination as a supplement to the presentence report; (3) the trial court erred in considering evidence of his prior sexual misconduct when determining the appropriate sentence; and (4) the trial court abused its discretion in sentencing him to 10 years' imprisonment.

The defendant was charged, by information, with indecent liberties with a child. The defendant originally pleaded not guilty, but he later decided to plead guilty. At a hearing on July 16, 1984, the trial court advised the defendant of the consequences of a guilty plea before accepting it. First, the court ascertained the defendant's age and background. When asked if he had ever been confined in a mental institution, the defendant replied that he had been "up at St. John's for *** about three weeks." He then stated he had never been committed to a mental institution and was not presently under the care of any doctor or psychiatrist.

The court advised the defendant of the nature of the charge and the possible sentences. The court explained alternatives to incarceration such as probation, conditional discharge, or periodic imprisonment. The court informed the defendant of the presumption of innocence and his rights to persist in a plea of not guilty, to a jury or a bench trial, to testify, and to confront witnesses. The defendant indicated he understood each of these rights and wished to waive them. The defendant also stated he was satisfied with the services of his court-appointed counsel.

The prosecutor provided the court with a factual basis of the offense. Besides the testimony of the victim, the State had intended to present testimony of Springfield police officers to whom the

defendant had given a signed confession. Both the defendant and his attorney confirmed the factual basis as established by the State. At that point, the following exchange occurred:

"THE COURT: All right. Do you understand that there has been no plea agreement, Mr. Woods, in this case?

THE DEFENDANT: [Defense counsel] already told me.

THE COURT: Pardon me?

THE DEFENDANT: [Defense counsel] already told me about it.

THE COURT: All right. It would be up to the Court to determine the sentence.

THE DEFENDANT: (Nodding head up and down)

THE COURT: Mr. Woods, other than—has anyone forced you to enter this plea of guilty?

THE DEFENDANT: No.

THE COURT: Has anyone threatened you or coerced you in any way to enter this plea of guilty?

THE DEFENDANT: No.

THE COURT: Are you doing this of your own free will?

THE DEFENDANT: Yes."

The court then accepted the defendant's plea of guilty.

At the sentencing hearing on August 20, 1984, defense counsel requested the court to have a psychiatrist examine the defendant to determine fitness for sentencing or as an aid to determine the proper sentence to be imposed. The trial court decided the evidence did not warrant such an examination. After sentencing the defendant to 10 years' imprisonment, the trial court admonished him pursuant to Supreme Court Rule 605(b) (87 Ill. 2d R. 605(b)). The court also appointed a new attorney to determine whether grounds existed to justify withdrawal of the guilty plea.

The new attorney filed a motion captioned "MOTION FOR RECONSIDERATION OF SENTENCE OR, IN THE ALTERNATIVE, A MOTION TO WITHDRAW A PLEA OF GUILTY" on the defendant's behalf. The record states the motion was filed on August 11, 1984; however, the contents of the motion demonstrate that it must have been filed after the August 20 sentencing hearing. The State concedes it received a copy of the motion on September 7. The motion requested a psychiatric examination and a reconsideration of the sentence. The motion also indicated the defendant would move to withdraw the plea of guilty in the event the court denied the other requests.

The court held the hearing on the motion on September 20. De-

fense counsel stated his client would testify that he had had sexual relations with his sister on several occasions, that he had consulted with an army psychiatrist on five or six occasions, and that he had been in the mental ward of St. John's Hospital for two weeks after an attempt at suicide. The consultation and the hospital stay were the result of marital difficulties. Defense counsel speculated that something which occurred during the defendant's childhood made him unable to control his impulses. The court noted that the presentence report addressed the evidence which the defendant sought to present. The court decided this evidence was insufficient to justify reopening the presentence investigation and performing a mental examination.

On October 3, the defendant filed a motion stating grounds for the withdrawal of the guilty plea. At a hearing on the motion, the defendant testified his original attorney had told him that he would receive probation if he pleaded guilty. He claimed he would not have pleaded guilty absent that promise. He, however, also stated he understood from his discussions with the attorney that he could get a sentence to the penitentiary. The original defense attorney testified that he had explained the range of possible penalties to his client on at least two occasions. He also had informed the defendant that the State's Attorney was not willing to recommend probation. The defense attorney denied promising the defendant anything and stated he had merely advised the defendant that his chances of obtaining probation would be greater if he entered a plea of guilty. The attorney admitted the defendant possibly could have misunderstood him, but he felt the defendant had understood exactly what they had discussed. The trial court believed its admonishments at the previous hearing had been adequate. The court found there was no promise of probation made and held the defendant's expectation of probation did not require the guilty plea be vacated.

■ Initially, the State argues the appeal should be dismissed for the defendant's failure to comply with Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). Rule 604(d) states, in part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor."

The State contends the October 3 motion was untimely and relies on *People v. DeSoto* (1980), 84 Ill. App. 3d 226, 405 N.E.2d 476. In *De-*

*Soto,* the court held the filing of a motion to modify a sentence did not toll the time period under Rule 604(d) in which the defendant must file a motion to withdraw the plea and vacate the judgment. In *DeSoto,* the court noted no request to withdraw the guilty plea had been made in the motion to modify the sentence. In the present case, the defendant clearly manifested an intent in his original motion to attempt to withdraw the guilty plea if the court denied his motion to reconsider and thus, brought the issue to the trial court's attention. Although the original motion did not state any grounds for withdrawing the plea, the second motion did, and the trial court had discretion to allow the defendant to supplement the original motion. Moreover, the State never objected to either the form of the original motion or the procedure followed by the defendant. We, therefore, deny the State's motion to dismiss the appeal.

The defendant contends the trial court failed to comply with Supreme Court Rule 402(b), which states:

> "The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." (87 Ill. 2d R. 402(b).)

The defendant complains because the trial court never specifically inquired whether any promises had been made to him. He maintains his ambiguous response to the court's question as to whether he understood about the lack of a plea agreement should have alerted the court to the possibility of a promise.

The purpose of Rule 402(b) is to meet the requirement that a guilty plea not be accepted unless the record affirmatively shows the plea was intelligent and voluntary. (*People v. Stewart* (1984), 101 Ill. 2d 470, 484, 463 N.E.2d 677, 684.) While failure to comply strictly with the explicitly stated requirements of Rule 402(b) is not condoned, not every deviation therefrom requires reversal. If, upon review of the entire record, it can be determined that the plea of guilty was voluntary and was not made as a result of force, threats, or promises, other than a plea agreement, then any error with regard to the failure to comply strictly with the Rule is regarded as harmless. (*People v. Ellis* (1974), 59 Ill. 2d 255, 257, 320 N.E.2d 15, 16; *People v. Tucker* (1975), 28 Ill. App. 3d 148, 149-50,

328 N.E.2d 41, 42.) Substantial, not literal, compliance with Rule 402(b) is all that is required. *People v. Carlisle* (1975), 25 Ill. App. 3d 1022, 1024, 324 N.E.2d 234, 235.

■ The defendant contends defense counsel's promise of probation induced him to plead guilty. The dialogue between the defendant and the court negates this contention. The defendant stated he had not been coerced, and he indicated that he understood that the court would determine the sentence. Furthermore, after hearing the testimony of both the defendant and his attorney, the trial court concluded no promise had been made.

■ The defendant complains because the advice of his attorney was erroneous. The fact that defense counsel may have told the defendant of the possibility of receiving a greater sentence after trial than after a plea of guilty cannot be considered coercive. (*People v. Thomas* (1972), 51 Ill. 2d 39, 280 N.E.2d 433.) A guilty plea made in reliance upon the advice of counsel estimating a sentence to be expected is not involuntary. (*People v. Willis* (1977), 50 Ill. App. 3d 498, 365 N.E.2d 597.) A defendant who merely hopes for or believes he will get a shorter sentence by pleading guilty is not entitled to withdraw his plea. *People v. Taylor* (1977), 48 Ill. App. 3d 925, 363 N.E.2d 643.

The defendant maintains he misunderstood his attorney and thought that he would receive probation. A defendant bears the burden of demonstrating any alleged misunderstanding which would render the guilty plea involuntary. A misapprehension as to sentencing alternatives may render a guilty plea involuntary if the defendant is actually unaware of the possible sentences. When a defendant has been thoroughly admonished, however, a guilty plea is not revocable merely because the defendant subjectively believed that he would receive a certain sentence but did not. (*People v. Kraus* (1984), 122 Ill. App. 3d 882, 888, 461 N.E.2d 1036, 1041; *People v. Turner* (1982), 111 Ill. App. 3d 358, 371, 443 N.E.2d 1167, 1178.) The defendant testified he understood from discussions with his attorney that a sentence of imprisonment was possible. Moreover, the trial court fully and carefully admonished him as to possible sentences. The defendant understood that the trial court would determine the sentence. We conclude the record affirmatively shows that the defendant's plea of guilty was intelligent and voluntary. We also find the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. *People v. Dumas* (1977), 50 Ill. App. 3d 637, 365 N.E.2d 1320.

■ The defendant argues the trial court erred in refusing to or-

der a psychiatric examination to supplement the presentence report. Section 5—3—2(b) of the Unified Code of Corrections provides for a mental examination to be performed "[i]f the court determines that such an examination should be made." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—2(b).) Section 5—3—3 states that in felony cases where the court believes imprisonment may be appropriate, the court may order a mental examination to determine what rehabilitative resources or programs might be adaptable to the particular defendant's needs. Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—3.

The defendant maintains the trial court should have ordered a mental examination to determine whether mitigating factors were present and to ascertain his rehabilitative potential. He points to evidence of his previous treatment and consultation with psychiatrists in arguing that the trial court should not have sentenced him without discovering whether he could benefit from further psychiatric treatment. He contends the nature of the offense, itself, required a mental examination be performed.

The trial court decided the evidence offered did not warrant a mental examination. The court felt there was no *bona fide* issue as to the defendant's mental condition. The defendant asserted valid reasons for conducting a mental examination, but there still must be, in the discretion of the trial judge, some indication that evidence of mitigating factors or rehabilitative potential might be present. A sentence will not be vacated on speculation of what a mental examination may have revealed, when a judge refused to order that examination, believing that the defendant failed to raise the issue of his mental condition. (*People v. Stewart* (1984), 101 Ill. 2d 470, 490, 463 N.E.2d 677, 687.) We note that the issue of the defendant's mental health was not raised until counsel mentioned it at the sentencing hearing. The defendant failed to present any evidence of the presence of rehabilitative potential or mitigating factors. His last treatment by a psychiatrist was in 1982, and none of his previous treatment related to his sexual problems. At the hearing on the motion to reconsider the sentence, defense counsel speculated the defendant's problem stemmed from childhood abuse, but he presented no evidence to support this theory. We find no abuse of discretion.

■ The defendant next contends the trial court erred in considering evidence of his prior sexual misconduct in determining his sentence. The presentence report contained this information and defendant's statements to the police were presented at the sentencing hearing. The court felt it could not ignore the defendant's statement to police. In the statement, the defendant related that he had

had sexual intercourse with one of his sisters and had sexually molested another. The defendant concedes conduct not resulting in convictions may properly be considered if deemed accurate and relevant. A judge conducting a sentencing hearing is not limited to consideration of evidence that would be admissible at trial but instead can exercise wide discretion in the type of evidence used to assist him in determining the sentence to be imposed. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) The defendant argues such evidence may be considered only when admitted through testimony and subject to cross-examination. In *People v. Ruiz* (1982), 94 Ill. 2d 245, 447 N.E.2d 148, the court held the trial court had properly considered the defendant's signed out-of-court statement when sentencing him. The defendant complains because, unlike *Ruiz*, the police officers who took the statement did not testify at the sentencing hearing. Both the defendant and his attorney had previously conceded that the officers had taken the defendant's written statement. Furthermore, the defendant waived any objection to the lack of foundation by failing to object on this ground at the sentencing hearing and failing to raise the issue in his motion to withdraw the guilty plea.

Finally, the defendant argues the trial court abused its discretion in sentencing him to 10 years' imprisonment. In imposing the sentence, the court noted the victim, the defendant's eight-year-old niece, and her mother were undergoing counseling as a result of the offense. The court also noted the need to protect the public, especially members of the defendant's family. The defendant maintains his sentence is excessive in light of the fact that he had no previous criminal record. The trial court, however, carefully considered this factor, and after reviewing the record, we cannot find that the trial court abused its discretion. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

For these reasons, the judgment of the trial court is affirmed.

Affirmed.

TRAPP and MORTHLAND, JJ., concur.