THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CARL K. JOHNS, Defendant-Appellant.

Fourth District    No. 4—91—0652

Opinion filed May 20, 1992.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

The circuit court of Adams County resentenced defendant to six years of imprisonment, after revoking his probation. Defendant appeals, arguing that the trial court abused its discretion in sentencing him to a term longer than the originally agreed five-year cap on imprisonment. We reject that argument, but because defendant could not be sentenced to a term longer than the maximum sentence of

which he was advised by the trial court, we reverse and remand for resentencing.

An Adams County information charged defendant Carl Johns with three counts of burglary. (See Ill. Rev. Stat. 1989, ch. 38, par. 19—1.) On November 2, 1990, defendant agreed to plead guilty to count III and pay restitution on all counts in return for dismissal of the other charges and a cap of five years of imprisonment. The court admonished defendant and inquired as to whether (1) his guilty plea was knowing, intelligent, and voluntary; his understanding that (2) the court could sentence him to the Department of Corrections for as much as *five years* for pleading guilty; (3) there was no guarantee he would receive a sentence to the Treatment Alternatives for Special Clients (TASC) program; (4) his plea as a waiver of his right to trial or to confront witnesses; and (5) his guilty plea as a waiver of his right to be presumed innocent. Since defendant was already on probation for a burglary in Pike County, the court admonished him of the possibility that his sentence could run consecutively to any sentence resulting if his probation was revoked in Pike County. The court ordered that defendant was to be considered for eligibility with the TASC program for his drug and alcohol problems. The court did not, however, advise defendant of the minimum and maximum sentences for burglary, three to seven years (see Ill. Rev. Stat. 1989, ch. 38, pars. 19—1(b), 1005—8—1(a)(5)).

On January 9, 1991, the court sentenced defendant to five years of probation with six months of imprisonment, and ordered defendant to complete the TASC program. The court emphasized that defendant must successfully complete the TASC program and his failure to do so would leave the Department of Corrections as his only alternative. Specifically, the court stated: "If you don't take advantage of this opportunity, then you will burn all your bridges and you will have no options left and neither will the Court and you will have to go to the Department of Corrections [(DOC)] for *five years*." (Emphasis added.)

Defendant entered the Gateway program in Springfield, Illinois, but was given a "neutral" discharge on June 13, 1991. The State filed a petition to revoke defendant's probation, alleging he had thereby violated his probation. On June 26 the court informed defendant that if the State proved its allegations, "then your probation could be revoked and you could be resentenced to any terms up to the maximum to the Department of Corrections for the offense of burglary, which means you could be sentenced *3 to 7 years* in the Department of Corrections and fined up to $10,000." (Emphasis added.) The court had

not previously admonished defendant that he could be sentenced to a term longer than the five-year cap.

On August 14, the court denied the State's motion to modify defendant's probation and ordered TASC to accept defendant at another facility. The court ordered defendant to remain in the Adams County jail until another position in the TASC program could be found to accept him. On August 26, the State filed another petition to revoke probation, again alleging defendant had failed to complete the program. The petition contained an affidavit from Rubin Bigger, an employee of TASC, which averred he had found no other treatment facilities which would accept defendant. Bigger explained Gateway's "neutral" discharge, stating that "due to mental and/or psychiatric defects that developed or first exhibited themselves subsequent to [defendant's admission on] February 19, 1991, Gateway was unable to provide service and discharged the defendant." At a hearing August 15, the court revoked defendant's probation, finding that treatment for defendant was not available at any facility. The court resentenced defendant to six years of imprisonment with credit for 242 days previously served.

Defendant's conduct, though apparently nonculpable, does not preclude a sentence to DOC if no TASC facilities are available. Revocation of probation need not be based on wilful conduct of the defendant for the court to resentence a defendant to a term longer than the original agreement. *People v. Davis* (1984), 123 Ill. App. 3d 349, 462 N.E.2d 824; *People v. Allegri* (1985), 109 Ill. 2d 309, 487 N.E.2d 606.

For a guilty plea to be constitutionally valid the record must affirmatively show the plea was intelligent and voluntary. (*People v. Woods* (1985), 134 Ill. App. 3d 294, 299, 480 N.E.2d 179, 183.) The constitutional requirement is satisfied when the trial court substantially complies with Rule 402(b) (134 Ill. 2d R. 402(b)). (*Woods*, 134 Ill. App. 3d at 300, 480 N.E.2d at 183.) Under Rule 402, the trial court shall not accept a plea of guilty without first informing defendant of and determining that he understands the nature of the charge, the minimum and maximum sentence prescribed by law, that he had the right not to plead guilty, and that he is relinquishing certain rights by pleading guilty. 134 Ill. 2d Rules 402(a), (b).

In support of his contention that he was not properly admonished, defendant cites *People v. Bray* (1989), 186 Ill. App. 3d 394, 542 N.E.2d 512, where the court revoked a defendant's probation after a negotiated plea agreement to a maximum of three years of imprisonment. In *Bray* the appellate court affirmed the trial court's resentencing of defendant to five years of imprisonment after the probation

revocation, finding that the court was free to resentence defendant to any permissible sentence under the statute if he did not meet the terms of probation. The court noted that the trial judge specifically admonished defendant at the guilty plea hearing of the possibility that, if his probation were revoked, he could be resentenced up to the statutory limit for his offense. (*Bray*, 186 Ill. App. 3d at 398, 542 N.E.2d at 515.) Here, defendant was not informed at the time he entered his plea that any sentence beyond five years was possible. Indeed, the judge specifically asked him if he understood that he "could be sentenced to the Department of Corrections for as much as five years by pleading guilty today."

■ The clear purpose of Rule 402 admonitions is to ensure defendant understands the plea, the rights he has waived by his plea, and the results of his actions. (*People v. Louderback* (1985), 137 Ill. App. 3d 432, 435, 484 N.E.2d 503, 505.) This court has previously noted that if a defendant's plea of guilty is made in reliance on a misrepresentation as to the sentence imposed, the plea is not voluntary and should be set aside. (*People v. Culp* (1984), 127 Ill. App. 3d 916, 923, 468 N.E.2d 1328, 1333.) This court has also held that, upon revocation of a defendant's probation, the trial court is limited in sentencing by the maximum penalty upon which the defendant had originally been admonished. (*People v. Wenger* (1976), 42 Ill. App. 3d 608, 356 N.E.2d 432.) In *Wenger*, the trial court initially sentenced defendant to two years of probation after admonishing defendant that he could be sentenced to one to three years in the penitentiary and fined up to $10,000. When defendant's probation was revoked, defendant was resentenced to a term from 32 to 96 months in the penitentiary. This court reversed and found that a proper admonition would have informed the defendant at the time his guilty plea was accepted that he was accused of an offense carrying a potential penalty from 1 to 10 years in the penitentiary plus a fine of up to $15,000. This court quoted from *People v. Jackson* (1973), 13 Ill. App. 3d 232, 236, 300 N.E.2d 557, 560, in support of its holding:

> " 'It is readily apparent that an accused's knowledge of the consequences is not only a determining factor in the voluntariness of his plea but is often an inducement to a guilty plea.
>
> [ ]Justice and fairness demand that if a guilty [plea] rests on an inaccurate representation as to the maximum penalty the promise implied in the representation should be fulfilled.' " (Emphasis omitted.) *Wenger*, 42 Ill. App. 3d at 610-11, 356 N.E.2d at 434.

This court has applied similar reasoning to defendants who were not admonished as to mandatory supervised release terms. *People v. O'Toole* (1988), 174 Ill. App. 3d 800, 801, 529 N.E.2d 54, 55 (defendant advised he would be sentenced to " 'a flat ten years' "); *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505.

██ It is not enough that the trial court here admonished defendant at the time of an earlier arraignment as to the minimum and maximum sentences applicable for burglary. Substantial compliance with the requirements of Rule 402 may not be found from admonitions given at proceedings prior to the guilty plea proceedings. (*People v. Culbertson* (1987), 162 Ill. App. 3d 319, 321, 515 N.E.2d 465, 467; *People v. Porter* (1978), 61 Ill. App. 3d 941, 945, 378 N.E.2d 788, 791.) The time the plea is taken is the crucial time and the record must clearly and affirmatively show that the plea was intelligently and understandingly made within the mandates of Rule 402.

Accordingly, we reverse the order sentencing defendant to six years in the Department of Corrections and remand for sentencing in conformity with this order.

Reversed and remanded for resentencing.

GREEN, P.J., and McCULLOUGH, J., concur.