THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BERVET HORTON, Defendant-Appellant.

Fourth District   No. 4—92—0853

Opinion filed September 2, 1993.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Bervet Horton stipulated to violation of a protective order, was found in indirect criminal contempt and was sentenced to

45 days' periodic imprisonment with work release. His sentence was later revoked and he was resentenced to 120 days' imprisonment. Defendant contends he was not properly admonished pursuant to Supreme Court Rule 402(a) about the potential ramifications of his decision to plead guilty. (134 Ill. 2d R. 402(a).) He also contends the trial judge did not properly admonish him about the procedural steps necessary to perfect an appeal from the judgment and sentence pursuant to Supreme Court Rule 605(b). (134 Ill. 2d R. 605(b).) We remand.

## I. FACTS

On October 10, 1991, a plenary order of protection was entered against defendant on behalf of Gisele Thompson. (Ill. Rev. Stat. 1991, ch. 40, par. 2312—19.) It was enforceable until October 10, 1993. On November 6, 1991, a petition for adjudication of indirect criminal contempt was filed against defendant for his alleged violation of the protective order. On January 27, 1992, defendant was found guilty of indirect criminal contempt and ordered to serve a 30-day period of incarceration in the Champaign County jail. No appeal was taken.

On May 19, 1992, the State filed a second petition for adjudication of indirect criminal contempt against defendant. A hearing occurred on July 27, 1992. Defendant stipulated to violating the protective order. After testimony, the trial judge permitted defendant to make a statement in allocution. The trial judge admonished defendant he was admitting he had contacted Thompson in violation of a court order and defendant was voluntarily admitting to the allegation. The judge explained he could impose up to a six-month jail term and a $500 fine. This maximum jail term was based on the State's stipulation. The trial judge proceeded to the sentencing hearing.

At the close of the evidence, and after closing arguments, the trial judge imposed a sentence of 45 days' periodic imprisonment to be served in a work-release program and ordered defendant to pay $12 daily during this period. After imposing sentence, the trial judge admonished defendant, stating:

> "This, obviously, is not the sentence that you wanted to have the Court impose upon you. You can make a motion to have the Court reconsider the sentence imposed upon you. I have listened to the evidence here. I think I imposed the correct sentence and I would deny it. Then, you could take an appeal of the sentence imposed [upon] you to the Appellate Court. [The assistant public defender] continues to be your attorney for the next thirty days, to make sure that gets done for you. If you fail to do that within the next thirty days, you lose forever

your chance to take back any guilty plea and get this matter reviewed by the Appellate Court in Springfield. Do you understand that, Mr. Horton?"

On August 12, 1992, defendant filed a motion to reconsider his sentence. On the same date the State filed a motion to revoke defendant's work-release sentence because of an allegation defendant had consumed alcoholic beverages before returning to the correctional center after work. On August 14, defendant filed an amended motion to reconsider the sentence. On September 2, 1992, the State filed a supplemental petition to revoke defendant's work-release sentence because of an additional allegation defendant had consumed alcoholic beverages.

At the September 11, 1992, hearing on the pending motions, defendant stipulated to the allegations contained in the State's initial petition to revoke and the State withdrew its supplemental petition. The trial judge concluded defendant's motion to reconsider the sentence imposed on July 27 was moot because of defendant's stipulation to the State's allegation he had consumed alcohol.

After additional testimony on October 9, 1992, the trial judge concluded probation under the intensive probation program was not an appropriate sentence to impose upon defendant. Defendant was resentenced to a term of 120 days' incarceration in the Champaign County correctional center with credit for 42 days previously served. The trial judge admonished defendant about the procedural steps for an appeal, stating:

"THE COURT: The law says that you have thirty days from today's date to file a request to have the Court reconsider the disposition imposed upon you in this matter. [Defense counsel], You want to address that?

DEFENSE COUNSEL: Yes, Your Honor. Mr. Horton indicates that he would be interested in a notice of appeal to be filed and would ask that an oral motion to reconsider be allowed at this time.

THE COURT: I would be glad to consider it. The dicta from the Fourth District seems to be that it's supposed to be a written notice, here recently, the stuff that I have read. We will show an oral motion to have the Court reconsider the sentence imposed in this matter. Did you have additional evidence, [defense counsel], that you want to offer on that?

DEFENSE COUNSEL: No, Your Honor.

THE COURT: Okay. The Court is going to find, based upon the evidence before me, that my initial decision was a correct

decision. That I simply reaffirm the finding that I have just made with regard to whether or not Mr. Horton needs to be incarcerated. Having said that, Mr. Horton can then be requesting an appeal of the sentence imposed upon you, of the trial that took place on July 27, 1992, as he has been inclined to do for a while. The Court does find that he is indigent. That the Appellate Defender should be appointed for him in this matter. Mr. Daniel Yuhas is hereby appointed. The Circuit Clerk is directed to file a notice of appeal for Mr. Horton, contesting the hearing of July 27, 1992, and the sentence imposed upon him previously on this date."

On October 19, 1992, defendant filed a notice of appeal.

## II. ANALYSIS

Defendant contends he was not properly admonished pursuant to Rule 402 after he pleaded guilty at the July 27 hearing by stipulating to the violation of the protective order. He also argues at the July 27 and October 9 hearings, the trial judge did not properly admonish him about the procedural steps necessary to perfect an appeal from the judgment and sentence pursuant to Rule 605(b).

### A. *Jurisdiction*

The State initially contends this court lacks jurisdiction to hear this appeal because defendant did not file his notice of appeal within 30 days of the order appealed from. It directs us to the order filed by the trial judge on July 27, 1992, and the disposition of defendant's motion to reconsider on September 11, 1992.

An appeal must be filed within 30 days from the date of the order appealed. When a motion directed against the judgment is timely filed within 30 days, defendant has 30 days after disposition of that motion in which to file his appeal. (134 Ill. 2d R. 606(b).) Defendant filed his motion to reconsider on August 12, 1992, and an amended motion to reconsider on August 14, 1992. On September 11, 1992, the trial judge concluded defendant's amended motion to reconsider was moot. Defendant's notice of appeal was filed on October 19, 1992, 38 days after disposition of his amended motion to reconsider, but only 10 days after his resentencing on October 9, 1992.

● 1 Defendant contends his appeal should be viewed as timely filed because the trial judge did not adequately admonish him about the appellate process. He directs us to the trial judge's action at the close of the October 9, 1992, sentencing hearing. The trial judge rec-

ognized defendant's desire to file a notice of appeal and directed the clerk to file a notice on his behalf.

If the trial judge did not properly admonish defendant, he should not be penalized for not timely filing his appeal. (See *People v. Dorsey* (1984), 129 Ill. App. 3d 52, 55, 471 N.E.2d 1053, 1055; *People v. Anderson* (1979), 71 Ill. App. 3d 176, 178, 389 N.E.2d 204, 206.) Because defendant's appeal relies on this principle, and because the procedures followed were confusing, we will address the merits of his allegations.

### B. *Application of Code of Criminal Procedure of 1963*

The State contends because a contemptuous act does not violate a penal statute, the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 100—1 *et seq.*) should not apply and therefore admonitions required in criminal proceedings pursuant to Rules 402 and 605(b) also do not apply. It directs us to Article IV of the supreme court rules, under which Rule 402 is outlined. Article IV is titled "RULES ON CRIMINAL PROCEEDINGS IN THE TRIAL COURT." Article VI, under which Rule 605 is outlined, is entitled "APPEALS IN CRIMINAL CASES, POST-CONVICTION CASES, AND JUVENILE COURT PROCEEDINGS."

The State reasons that because this case arose under the Illinois Domestic Violence Act of 1986 (Act), the proceedings were not criminal in nature, and therefore, the rules at issue do not apply. (Ill. Rev. Stat. 1991, ch. 40, par. 2311—1 *et seq.*) However, the Act permits enforcement of any protective order by civil *or* criminal contempt procedures. Ill. Rev. Stat. 1991, ch. 40, par. 2312—23(b).

The State further contends the rules at issue should not apply to an indirect contempt proceeding because the direct and collateral consequences of a guilty plea in a criminal proceeding are significantly more severe. It directs this court to numerous areas in which the sanctions for, and ramifications of, a criminal conviction are more severe than when defendant pleads guilty to contemptuous conduct (*i.e.*, fines, fees, forfeitures, and incarceration).

Neither Rule 402(a) nor 605(b) distinguishes between admonishments which must be provided when the criminal offense is less serious (and thereby the sanctions may be less drastic) as, *e.g.*, in a case where defendant pleads guilty to a misdemeanor offense as opposed to a felony offense. Moreover, the State brought and prosecuted the charge against defendant by way of a petition for adjudication of indirect *criminal* contempt.

The State notes defendant was represented by counsel, notified of the allegations against him, notified of the hearing against him, and provided an opportunity to respond in writing and at a hearing. He was advised of the maximum penalty he faced and the voluntariness of his admission was determined by the trial judge. He was permitted to present mitigating evidence at his sentencing hearing and to make a statement in allocution. Finally, the State contends defendant was advised of his rights on appeal and appointed counsel to prepare a notice of appeal. The State concludes these procedures afforded defendant the due process rights mandated for an indirect criminal contemnor.

These observations, however, do not address why the additional generally accepted procedural protections provided criminal defendants by admonitions required by Rules 605(b) and 402 should not also extend to defendants who pleaded guilty to indirect criminal contempt.

The State finally argues defendant's plea to indirect criminal contempt should be viewed as a plea to *direct* criminal contempt, which does not require the procedural protections when the offense is indirect criminal contempt. It directs us to *People v. Boucher* (1989), 179 Ill. App. 3d 832, 835, 535 N.E.2d 56, 58, in which the second district noted indirect contempt can be punished summarily as direct contempt without notice, written charges, plea, issue, or trial if the contemnor admits contempt in open court.

This principle does not address whether admonitions generally required upon a defendant's plea of guilty and after sentencing must be provided in the context of indirect criminal contempt. In *In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 59, 558 N.E.2d 404, 426, this court concluded the procedural requirements for indirect criminal contempt proceedings apply when a direct criminal contempt proceeding is initiated based on only constructive knowledge by the trial judge. Procedural requirements are relaxed only when the contemptuous act occurs in the presence of the trial judge, and then only because a trial judge must wield the authority to ensure court proceedings are conducted in an orderly fashion.

Additionally, this district has noted that, generally, an indirect criminal contempt charge must conform to *all* constitutional procedural requirements and rights normally provided to criminals during the trial stage. (*Betts*, 200 Ill. App. 3d at 58, 558 N.E.2d at 425.) The State has provided no compelling reason procedural requirements at the pleading and sentencing stage should not be provided individuals charged with indirect criminal contempt. Rules 402 and 605 apply to

cases in which a defendant has pleaded guilty to indirect criminal contempt.

## C. *Propriety of Proceedings*

### 1. Adequacy of Rule 402 Admonitions

Rule 402(a) provides a trial judge must assure a defendant understands the following relevant considerations before accepting his or her guilty plea:

"(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law ***;

(3) that the defendant has a right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." 134 Ill. 2d R. 402.

■ Defendant argues the trial judge did not properly admonish him before accepting his guilty plea. At the July 27 hearing at which defendant admitted he had violated the protective order, the trial judge admonished him about the nature of the offense, determined defendant was voluntarily admitting to the offense, and explained the sentencing range. The trial judge did not, however, admonish defendant of his right to plead not guilty or that by pleading guilty no trial would occur and that defendant waived certain rights, *i.e.*, his right to confront the witnesses against him.

The purpose of Rule 402(a) is to ensure a guilty plea is not accepted unless the record affirmatively indicates the plea was intelligent and voluntary. (*People v. Stewart* (1984), 101 Ill. 2d 470, 484, 463 N.E.2d 677, 684; *People v. Woods* (1985), 134 Ill. App. 3d 294, 299, 480 N.E.2d 179, 183.) If the record indicates defendant's guilty plea was voluntary and did not result from force, threats, or promises, a trial judge's failure to strictly comply with Rule 402(b) (134 Ill. 2d R. 402(b)) is harmless. *Woods*, 134 Ill. App. 3d at 299, 480 N.E.2d at 183.

Nothing in the record of this case intimates defendant's plea was not voluntary. Nor has defendant directed us to anything which supports his allegation or filed any affidavit in support of his claim. Trial judges should more precisely outline a defendant's rights pursuant to Rule 402, but defendant's plea was not rendered involuntary by deficient admonishments concerning the consequences of his guilty plea.

## 2. Adequacy of Rule 605(b) Admonitions

Defendant contends the trial judge failed to properly admonish him pursuant to Rule 605(b). As of July 27, 1992, when the trial judge initially sentenced defendant, the rule provided the trial judge shall advise a defendant substantially of the following procedural requirements for perfecting an appeal from the judgment and sentence:

"(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which the sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

\* \* \*

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 134 Ill. 2d Rules 605(b)(2), (b)(3), (b)(6).

As of August 1992, Rule 605(b) also provided defendants must also file a motion to reconsider their sentence, if they wish to appeal the sentence imposed. Defendants must still follow the same procedural steps outlined in Rule 605(b) as of July 31, 1992. 145 Ill. 2d R. 605(b).

The trial judge's remarks at the close of the July 27 hearing only referred to defendant's right to request reconsideration of the sentence imposed. The trial judge failed to inform defendant he could ask to withdraw his guilty plea or what would happen if his request were denied or granted. The judge's remarks intimated defendant could only seek reconsideration of the sentence imposed and if defendant did not make such a motion he "[lost] forever [his] chance to take back any guilty plea and get [the] matter reviewed by the appellate court." The trial judge also failed to tell defendant his motion must be in writing, and any issue or claim of error not raised in this motion would be waived.

The admonitions provided after sentence was imposed on defendant at the July 27 hearing did not substantially comply with Rule 605(b).

In *Dorsey* (129 Ill. App. 3d at 55, 471 N.E.2d at 1055), this district concluded the trial judge provided insufficient admonishments by not informing defendant a motion to withdraw his plea and to

vacate the judgment entered was a prerequisite to appeal and any issue not raised in defendant's motion would be waived. The trial judge there also failed to properly respond to defense counsel's inquiry about whether defendant had to ask to withdraw the plea or if he could appeal only the sentence.

The deficiencies in the admonishments provided defendant in the present case are similar to those in *Dorsey,* although in this case defense counsel did not inquire about the proper procedure to perfect an appeal only from the sentence and not from the guilty plea. However, this distinction suggests the trial judge's failure to properly admonish defendant in this case may have led him to believe he could only seek reconsideration of his sentence. See also *People v. Egge* (1990), 194 Ill. App. 3d 712, 717, 551 N.E.2d 372, 375 (first district concluded insufficient admonishment was provided where trial judge only told defendant he had 30 days to appeal sentence).

Defendant filed his motion to reconsider his sentence within the mandatory 30-day period of the trial judge's July 27 judgment. However, he did not seek to withdraw his guilty plea, perhaps due to the trial judge's failure to properly admonish him about his rights in this area.

We also note the admonishments provided defendant at the close of the October 9 hearing at which he was resentenced were also deficient. At no time did the trial judge indicate defendant's rights regarding his guilty plea. The trial judge indicated only that he accepted an oral motion to reconsider defendant's sentence. As discussed above, failure to more fully admonish defendant pursuant to Rule 605(b) is error.

### 3. Defendant's request for reconsideration

At the July 27 hearing, the trial judge should have been attentive to defendant's request for reconsideration of the sentence imposed. A trial judge should not, as in this case, offhandedly dismiss such a request. This court recently addressed this issue in *People v. Jackson* (1992), 239 Ill. App. 3d 165, 167-68, 606 N.E.2d 809, 811, and concluded a trial judge should not dismiss a defendant's request for reconsideration of the sentence imposed without serious consideration of the merits of the defendant's claim.

Rule 605 is mandatory and not permissive. A trial judge must not presume the sentence he imposed moments earlier is unquestionably accurate. To do so bespeaks a view contrary to consideration mandated by the Illinois Supreme Court. In this case, the trial

judge's conclusion that because he had heard the evidence, he had imposed the correct sentence and would, therefore, deny any motion to reconsider his ruling, denied defendant the opportunity contemplated by the rule to seek reconsideration of his sentence. The trial judge's message, as the judge's message in *Jackson* (239 Ill. App. 3d at 167, 606 N.E.2d at 811), was that seeking reconsideration of the sentence imposed was a "useless act." Procedures mandated by the Illinois Supreme Court are not useless.

### III. CONCLUSION

The admonishments provided defendant upon his plea of guilty, although not precise, substantially complied with the requirements of Rule 402. However, the trial judge did not comply with Rule 605(b) in his admonishments after imposing sentence upon defendant.

Pursuant to Rule 605(b), trial judges must fully admonish defendants who plead guilty to any charge, including indirect criminal contempt. Defendants must understand the proper procedures for perfecting an appeal from both their guilty plea and the sentence imposed upon them. Trial judges must also give meaningful consideration to a defendant's request for consideration of sentence imposed.

We remand this case with directions to allow defendant to file a motion to withdraw his guilty plea entered at the July 27 hearing within 30 days from the return of this case to the trial court and thereafter to proceed in accordance with Rule 604(d). 134 Ill. 2d R. 604(d).

Remanded with directions.

McCULLOUGH and LUND, JJ., concur.