THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM E. LAPPIN, Defendant-Appellant.

Fourth District    No. 4—02—0138

Opinion filed November 20, 2002.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

In March 1997, pursuant to a plea agreement, defendant, William E. Lappin, pleaded guilty to two counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1994)). The plea agreement was open as to sentencing except that, if the trial court sentenced defendant to prison, the court would not impose consecutive terms. After a July 1997 hearing, the trial court sentenced defendant to 48

months' probation, including 5 months of periodic imprisonment. In December 2000, the State filed a petition for revocation of probation, asserting defendant committed the offense of child pornography (720 ILCS 5/11—20.1(a)(6) (West 2000)) as alleged in Sangamon County case No. 00—CF—1113 (People v. Lappin, No. 00—CF—1113 (Cir. Ct. Sangamon Co.)). In October 2001, defendant admitted the allegations in the petition. After a December 2001 hearing, the trial court resentenced defendant to two concurrent terms of five years' imprisonment to run consecutive to the imprisonment term imposed in Sangamon County case No. 00—CF—1113.

Defendant appeals, arguing the December 2001 consecutive sentence must be vacated because it violates the terms of the March 1997 plea agreement. We affirm.

## I. BACKGROUND

In November 1996, a grand jury indicted defendant on one count of aggravated criminal sexual abuse for his actions on or about June 1, 1994, through August 31, 1994 (720 ILCS 5/12—16(c)(1)(i) (West 1994)), and one count of predatory criminal sexual assault of a child for his actions on or about October 1, 1996, through October 31, 1996 (720 ILCS 5/12—14.1(a)(1) (West 1996)). In March 1997, defendant and the State entered into a plea agreement under which the predatory criminal sexual assault count was to be amended to aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1994)) and, if defendant was sentenced to prison, the court would not impose consecutive sentences. At the plea hearing, the trial court admonished defendant in accordance with Supreme Court Rule 402 (134 Ill. 2d R. 402), including that the agreement was open to sentencing except that the court would not give defendant consecutive sentences. In July 1997, the trial court sentenced defendant as stated.

In December 2000, the State filed a petition for revocation of probation, asserting defendant committed the offense of child pornography (720 ILCS 5/11—20.1(a)(6) (West 2000)), as charged in Sangamon County case No. 00—CF—1113. At an October 2001 hearing, defendant admitted he had committed the offense charged in the Sangamon County case. The prosecutor noted that defendant had already pleaded guilty in that case and was awaiting sentencing.

In December 2001, the trial court held a resentencing hearing. The prosecutor noted the Sangamon County State's Attorney and McLean County State's Attorney agreed to recommend that the sentences in the two cases be served concurrently. Defense counsel asserted defendant was also a party to that agreement. The trial court sentenced defendant to two concurrent terms of five years' imprison-

ment to run consecutive to the imprisonment term imposed in Sangamon County case No. 00—CF—1113. This appeal followed.

## II. ANALYSIS

Defendant asserts his consecutive sentence should be vacated because it violates the terms of the original March 1997 plea agreement. The State argues we should dismiss this appeal because defendant failed to file a motion to reconsider pursuant to Rule 604(d) (188 Ill. 2d R. 604(d)). We disagree with both parties.

■ In *People v. Tufte*, 165 Ill. 2d 66, 77-78, 649 N.E.2d 374, 379-80 (1995), the Supreme Court of Illinois held a defendant's admission to a violation of his conditional discharge was not the same as a guilty plea, and thus a reviewing court could consider a defendant's argument on its merits where the defendant did not file a motion to vacate or reconsider. In *In re J.E.M.Y.*, 289 Ill. App. 3d 389, 391, 682 N.E.2d 451, 452 (1997), this court applied the *Tufte* holding to an admission to a probation violation and held that, following a probation revocation hearing, the filing of a motion to reconsider and compliance with the requirements of Rule 604(d) are unnecessary before taking an appeal. Accordingly, defendant did not have to file a motion to reconsider for us to address the merits of his argument.

■ Defendant contends that since the original plea agreement provided the court would not impose consecutive sentences, the trial court's order that defendant serve his concurrent sentences in this case consecutive to his sentence in Sangamon County case No. 00—CF—1113 violated the original plea agreement. Defendant's argument fails for two reasons.

First, the record indicates the only offenses before the trial court at the time of the original plea agreement were the two aggravated criminal sexual abuse counts in this case. The offense in the Sangamon County case occurred more than three years after the original plea agreement. Accordingly, the original plea agreement only required that the two counts in this case be served concurrently to each other. On resentencing, the two counts *were* ordered to be served concurrently. Thus, the trial court's order did not violate the original plea agreement.

Second, in *People v. Johns*, 229 Ill. App. 3d 740, 740, 593 N.E.2d 594, 595 (1992), this court rejected the defendant's argument that, after a probation revocation, the trial court was limited to the terms of the original plea agreement in resentencing the defendant. The limitation that was placed on resentencing in *Johns* was based on the trial court's error in admonishing the defendant when he pleaded guilty to the original offense. *Johns*, 229 Ill. App. 3d at 743-44, 593

N.E.2d at 596-97. At the original plea hearing in this case, the trial court did not err in failing to admonish defendant about the possibility of his sentence in this case running consecutive to the sentence in the Sangamon County case since the trial court had no way of knowing about the Sangamon County offense, which occurred more than three years after the plea hearing. See *People v. Laws*, 200 Ill. App. 3d 232, 239, 558 N.E.2d 638, 642 (1990).

Defendant further asserts his consecutive sentence should be vacated because the trial court did not admonish him that he could receive a consecutive sentence at the revocation hearing and remand for a new hearing is not appropriate because of the original plea agreement. However, defendant cites no authority that a trial court must admonish a defendant that he could be subject to consecutive sentences before accepting an admission to a probation violation.

Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2)) requires that before accepting a guilty plea, the trial court must inform the defendant of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or *consecutive sentences*." (Emphasis added.) In *People v. Hall*, 198 Ill. 2d 173, 179, 760 N.E.2d 971, 974 (2001), the Supreme Court of Illinois held that due process concerns did not necessitate Rule 402 admonitions for defendants admitting probation violations. However, the court did establish that before accepting a defendant's admission, the trial court should admonish the defendant to determine five things, including whether "the defendant understands the consequences of his admission or the sentencing range for the underlying offense." *Hall*, 198 Ill. 2d at 181, 760 N.E.2d at 975. While Rule 402(a)(2) specifically requires the trial court to inform the defendant of consecutive sentences, *Hall* does not include the consecutive-sentence language. Because the supreme court specifically stated Rule 402 admonitions did not apply to probation-violation admissions and then crafted admonitions without the consecutive-sentence language, we find the trial court did not have to inform defendant that he was eligible for a consecutive sentence before accepting his admission.

Defendant also suggests the court failed to ensure his admission was voluntary because the court did not inquire whether defendant's plea was induced by a promise or plea agreement. However, any error by the trial court is harmless because the State's promises under the two agreements were fulfilled. The trial court sentenced defendant to concurrent sentences for the two aggravated criminal sexual abuse convictions as required by the original March 1997 plea agreement, and the State recommended those sentences be served concurrently to

the sentence in the Sangamon County case as promised in the later agreement. The trial court merely exercised its discretion and chose to impose a consecutive sentence.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH, P.J., and APPLETON, J., concur.