2024 IL App (2d) 230388
No. 2-23-0388
Opinion filed January 17, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-842 |
| KENYATTA L. TRIPLETT, | ) ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hutchinson and Kennedy concurred in the judgment and opinion.

**OPINION**

¶ 1    In April 2023, the defendant, Kenyatta Triplett, was charged with attempted murder (720
ILCS 5/9-1(a)(1) (West 2022)), a Class X felony, and aggravated battery with a firearm (*id.* § 12-
3.05(e)(1)), a Class 1 felony. At arraignment, his bail was set at $1 million. He was able to post
bond and was released. Over six weeks later, the State filed a petition to detain him pretrial, which
the trial court granted. He now appeals, arguing that the State's petition to detain him was untimely.
We agree and reverse the trial court's detention order.

¶ 2                                    I. BACKGROUND

¶ 3    In 2021, the General Assembly adopted and the Governor signed Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023). The Act, which amended the Code of Criminal Procedure of 1963 (Code), abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Although the effective date of the Act was listed as January 1, 2023, implementation of the legislation was stayed while the Illinois Supreme Court considered challenges to it. In July 2023, the supreme court issued its decision in *Rowe v. Raoul*, 2023 IL 129248, ¶¶ 51-52, rejecting those challenges, lifting the stay, and permitting hearings under the Act to commence on September 18, 2023.

¶ 4    The Act did not create an entirely new procedure by which the State could seek to keep a defendant in pretrial custody; it simply amended the former provision, section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The version of section 110-6.1 that was in effect prior to the Act was titled "Denial of bail in non-probationable felony offenses" and allowed the State to seek the pretrial detention without the possibility of cash bail of a defendant charged with certain felonies (including the offenses with which the defendant in this case is charged) on the ground that the defendant's pretrial release upon posting bond "poses a real and present threat to the physical safety of any person or persons." 725 ILCS 5/110-6.1(a) (West 2020). The old version of the law required that any such no-bail petition be filed either "without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days *** after arrest and release

---

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

of the defendant," and that a hearing on such a petition must be "held immediately." *Id.* § 110-6.1(a)(1), (2).

¶ 5    The Act modified these particular provisions only slightly. Now titled "Denial of pretrial release," section 110-6.1 of the Code currently permits the State to seek the pretrial detention of a defendant charged with certain enumerated offenses upon the filing of a verified petition. 725 ILCS 5/110-6.1 (West 2022). Similar to the law before the Act, a petition for pretrial detention must allege either that the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case (*id.* § 110-6.1(a)(1)-(7)), or that there is a high likelihood that the defendant will flee to avoid prosecution (*id.* § 110-6.1(a)(8)). And just as under the old law, the petition must be filed either "without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days *** after arrest and release of the defendant," and the hearing on such a petition must be held immediately. *Id.* § 110-6.1(c)(1), (2).

¶ 6    In this case, the State alleges that, on February 17, 2023, the defendant and three other men pulled up to a barbershop, got out of their vehicle, and fired at least 56 rounds at a man who had just come out of the barbershop. Although badly wounded, the victim survived.

¶ 7    The defendant was taken into custody on April 28, 2023, and was arraigned the next day. Cash bail was set at $1 million. The State did not file a no-bail petition under the version of section 110-6.1 then in effect. A grand jury returned an indictment against the defendant in May. The defendant eventually posted bond, and on June 30, he was released from custody.

¶ 8    On August 15, 2023, the State filed a "verified petition to detain" the defendant, who was still out of custody on cash bond. The State's petition to detain purported to be brought under the post-Act version of section 110-6.1: it referenced provisions in that statute that were added by the Act and the "specific articulable facts" of the defendant's case, a phrase added by the Act. See *id.*

§ 110-6.1(a)(1). The trial court heard initial arguments on the State's petition on September 11. The defendant argued that the State's petition to detain was not timely, for two reasons: first, the amended version of section 110-6.1 was not in effect when the State filed its petition (and still was not in effect), and second, the petition was not filed within 21 days of the defendant's release on June 30. The defendant also presented evidence that he had not committed any new offenses while released and that he had been taking classes, and he argued that his continued liberty would not pose a threat to any person or the community. On September 20, the trial court heard additional arguments and entered an order granting the State's petition to detain. The trial court stated that it was unclear whether the statute's listed effective date (January 1, 2023) or the date established by the supreme court in *Rowe* (September 18, 2023) controlled. It did not address the defendant's second argument that the petition was untimely. The defendant was taken into custody. On October 2, the case was again before the trial court, and the defendant moved orally for pretrial release, presenting additional evidence of his good conduct during his earlier period of release. The trial court denied the defendant's motion. On October 13, 2023, the defendant filed a notice of appeal challenging the trial court's detention orders entered on September 20 and October 2, 2023.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, the defendant renews his arguments that the State's petition to detain him was untimely. The State does not argue otherwise. Instead, its sole response to the defendant's timeliness arguments is that he cannot raise them. The State points out that we have no jurisdiction to review the trial court's initial detention order entered on September 20, 2023, as the defendant did not file his notice of appeal until October 13, which was more than 14 days later. In a single sentence, the State additionally contends that our review of the October 2 order (over which it concedes we have jurisdiction) should not include any consideration of the timeliness of its underlying petition to detain.

¶ 11    We agree that the notice of appeal was not filed in time to challenge the September 20, 2023, order. See Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023) (notice of appeal from pretrial detention order must be filed within 14 days of the order). However, we must reject the State's contention that the timeliness of its petition is not relevant to the validity of the October 2 order continuing the defendant's detention. To the contrary, the trial court based its decision to continue the defendant's pretrial detention on its prior findings on September 20, expressly incorporating those findings and its prior ruling into its October 2 order. In doing so, the trial court reaffirmed its prior ruling that the State's petition was timely and could be heard. Further, it is plain that, if the State's petition to detain was untimely and thus lacked a legal basis, the justification for the October 2 order continuing the defendant's pretrial detention pursuant to that petition is also questionable. The issue of whether the State's petition to detain was properly brought is thus before us.

¶ 12    As we have noted, on appeal the State offers no substantive argument that its petition to detain the defendant was timely. In the trial court, the State took the position that the Act was in effect as of January 1, 2023, and that the supreme court's stay of the law pending its resolution of the challenges to that law did not change the law's effective date. Under that assumption, the State was obliged to file any petition to detain within 21 days of the defendant's release, at the latest, as required by the current version of section 110-6.1(c)(1) of the Code (725 ILCS 5/110-6.1(c)(1) (West 2022)). The record confirms that this did not occur: the petition was filed on August 15, far more than 21 days after the defendant's release on June 30. Of course, if the opposite were true and the Act was not in effect during the period of the supreme court's stay, then the State could not file a petition to detain under the Act at all. Thus, regardless of the effective date of the Act, the State's petition was not properly brought or heard.

¶ 13    We acknowledge that the period of the supreme court's consideration of the Act's constitutionality (and indeed the last few months following the lifting of its stay of the Act) has been a period of uncertainty for parties as to the scope and proper application of the Act's provisions. Nevertheless, the State was not without options. If it believed that the defendant's pretrial release posed a threat to public safety and it was unsure whether the Act would be upheld, it could have sought a no-bail order under the prior version of section 110-6.1 of the Code (725 ILCS 5/110-6.1(a) (West 2020)). It did not do so, however, and the time for filing such a petition was the same as that for filing a petition to detain under the current version—at the defendant's first court appearance or within 21 days of his arrest or release. Or, if the defendant violated the conditions of his release, the State could seek to revoke that release at any time under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). However, there was no evidence presented at the hearing on the State's petition that the defendant misbehaved during his 2½ months of freedom. The State has not identified, and the record does not reveal, any legal basis for the continued pretrial detention of the defendant.

¶ 14    Section 110-7.5(a) of the Code states that, "[o]n or after January 1, 2023, any person having been previously released pretrial on the condition of the deposit of security shall be allowed to remain on pretrial release under the terms of their original bail bond." *Id.* § 110-7.5(a). That provision continues, "This Section shall not limit the State's Attorney's ability to file a verified petition for detention under Section 110-6.1 or a petition for revocation or sanctions under Section 110-6." *Id.* The trial court found the juxtaposition of these sentences confusing. We do not, however. The clear meaning of this language is that a defendant who was released on cash bail may remain free, unless the State files, and the trial court grants, a petition to detain or a petition for revocation. Any such petition must comply with the timeliness requirements of the statute

under which it is brought, however. As the State's petition here was untimely, the defendant must be released on previously set conditions.

¶ 15                                    III. CONCLUSION

¶ 16     The appeal is dismissed insofar as it pertains to the September 20, 2023, order of the circuit court of Lake County. The October 2, 2023, order of the circuit court is reversed.

¶ 17     Dismissed in part and reversed in part.

*People v. Triplett*, **2024 IL App (2d) 230388**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 23-CF-842; the Hon. Daniel B. Shanes, Judge, presiding. |
| **Attorneys for Appellant:** | Joseph D. Zeit, of Law Offices of Douglas E. Zeit, of Waukegan, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |