2024 IL App (2d) 240003-U
Nos. 2-24-0003, 2-24-0004, 2-24-0007, 2-24-0008 cons.
Order filed April 15, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) ) ) | Nos. 23-CF-2167       23-CF-2181       23-CF-2434       23-CF-2647 |
| RYON E. LUMPKINS, | ) ) | Honorable David Paul Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Under the Pretrial Fairness Act, the trial court must hold an in-person hearing to revoke pretrial release. We reverse the court's judgment on defendant's motion to reconsider because he did not receive an in-person hearing. We also determine that a qualifying offense charged while defendant is on pretrial release under the Act may be used as the basis for revocation of pretrial release regardless of whether pretrial release has been granted before the initiation of revocation proceedings.

¶ 2   Defendant, Ryon E. Lumpkins, appeals, under Supreme Court Rule 604(h) (eff. Oct. 19, 2023), the December 11, 2023, order of the circuit court of Kane County revoking his pretrial release, and the December 14, 2023, order of the circuit court of Kane County denying his motion

to reconsider the December 11, 2023, order. The December 11, 2023, order revoked defendant's pretrial release pursuant to section 110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Defendant argues the trial court erred by not holding an in-person hearing to revoke his pretrial release, erroneously used previously considered charges as the basis for revocation, and failed to consider whether any conditions would reasonably ensure his appearance at future court dates or prevent him from being charged with other offenses. We determine that we lack jurisdiction over the trial court's December 11, 2013, order appealed, but we have jurisdiction over the December 14, 2023, order appealed; we thus dismiss in part, reverse in part, and remand the cause.

¶ 3                                  I. BACKGROUND

¶ 4     We summarize the relevant facts appearing in the record. On October 10, 2023, in case No. 23-CF-2167, defendant was charged with two counts of violating section 3 of the Sex Offender Registration Act (Registration Act) (730 ILCS 150/3 (West 2022)) (Class 2 felonies) and one count of obstructing identification in violation of section 31-4.5 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/31-4.5 (West 2022)) (Class A misdemeanor). On the same day, defendant appeared and was placed on pretrial release with the following conditions: pretrial supervision

---

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statutes or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

(level 1), obey all court orders, report address changes within 24 hours, no new criminal offenses, and comply with the terms of the Registration Act.

¶ 5    Also on October 10, 2023, in case No. 23-CM-1785, defendant committed the offense of retail theft (Class A misdemeanor) (presumably after he was released in case No. 23-CF-2167). Defendant was ordered to appear at the Kane Count branch court on October 25, 2023, but he failed to appear.

¶ 6    On October 13, 2023, in case No. 23-CF-2181, defendant was charged with conduct occurring on October 12, 2023, namely, obstruction of justice by destroying evidence (*id.* § 5/31-4(a)(1)) (Class 4 felony), unlawful possession of drug paraphernalia (*id.* § 600/3.5(a)) (Class A misdemeanor), and obstructing a police officer (*id.* § 5/31-1(a)(2)) (Class A misdemeanor). Defendant was released and given a notice that his next court date would be November 9, 2023.

¶ 7    On November 10, 2023, in case No. 23-CF-2434, defendant was charged with a violation of the Registration Act (730 ILCS 150/3) (Class 2 felony) and resisting or obstructing a police officer causing injury (720 ILCS 5/31-1(a-7)) (Class 4 felony). During defendant's initial hearing for these charges, he was again placed on pretrial release with conditions: pretrial supervision (level 3), obey all court orders, report address changes within 24 hours, remain in the State of Illinois, and comply with the terms of the Registration Act.

¶ 8    On November 22, 2023, in case No. 23-CF-2167, the State filed a petition to revoke defendant's pretrial release. In the petition, the State alleged that, while on pretrial release in case No. 23-CF-2167, defendant committed the various felonies and misdemeanors outlined above, and that defendant had failed to appear for the scheduled court dates in case Nos. 23-CM-1785 and 23-CF-2181. The State also related defendant's criminal history: a 2010 conviction of manufacturing or distributing a lookalike substance, a 2015 conviction of driving under the influence, a 2018 conviction of attempted criminal sexual assault, kidnaping, aggravated battery, and unlawful

restraint, and a 2022 conviction of failing to register under the Registration Act. In addition to the convictions, defendant was at the time of the petition serving probation for a 2023 conviction of resisting a police officer causing injury.

¶ 9    On December 7, 2023, defendant failed to appear for a scheduled hearing before Judge Kliment.[2] Judge Kliment issued arrest warrants, returnable to his courtroom. On December 8, 2023, defendant appeared before Judge LoPiccolo. In case No. 23-CF-2167, the trial court appointed the public defender to represent defendant for all proceedings and ordered the sheriff to serve defendant with a copy of the warrant. Additionally, the court ordered that defendant follow all conditions previously set, ordered defendant to be restored to pretrial release instanter, and continued the matter to December 11, 2023, for a hearing before Judge Kliment.

¶ 10    In case No. 23-CF-2181, still before Judge LoPiccolo, the trial court entered two orders. The first order was the initial appearance order, and it provided that defendant was arrested on an outstanding warrant, appointed the public defender to represent defendant, and indicated that defendant had been advised of the charges against him, his rights, and the consequences of failing to appear. The court ordered the sheriff to serve the warrant on defendant, and continued the matter to December 11, 2023, for a hearing before Judge Kliment. In the second order, the court ordered that defendant be released with maximum conditions, obey all court orders, and refrain from using intoxicants or controlled substances.

¶ 11    In case No. 23-CF-2434, before Judge LoPiccolo, the trial court ordered defendant to follow the previously set conditions of pretrial release and released him instanter. The public

_____

[2]At the next hearing, on December 8, 2023, the State indicated that it was willing to credit that defendant believed his court date was December 8, 2023, not December 7, and had simply mixed up his dates.

defender was appointed, and the sheriff was ordered to serve defendant with a copy of the warrant issued in this case. The court continued the case to December 11, 2023, for a hearing before Judge Kliment.

¶ 12    In case No. 23-CF-2647, before Judge LoPiccolo, the State charged defendant with a December 7, 2023, violation of section 3 of the Registration Act (730 ILCS 15/3 (West 2022)) (Class 2 felony). The court placed defendant on pretrial release with maximum conditions, including requirements that defendant obey all court orders, report any change of address within 24 hours, and the court expressly ordered defendant to "comply with [the] rules of sex offender registration." The court continued the case to December 11, 2023, for a hearing before Judge Kliment.

¶ 13    On December 11, 2023, defendant's many cases were called for status before Judge Kliment. Defendant did not appear in open court, but his attorney was present. The trial court proposed to "again issue warrants." The State interjected that, the previous time the court issued warrants due to defendant's failure to appear, defendant was taken to the bond call notwithstanding that the warrants expressly stated that they were returnable to Judge Kliment's courtroom. The State suggested that the court should revoke defendant's pretrial release based on his commission of new offenses, and not based on his failure to appear. Defense counsel objected, contending that, because the State's motion to revoke had been filed on November 22, 2023, but had not been heard within 72 hours, as required by section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)), the court's only option was to issue warrants for defendant's arrest. The State pointed out that section 110-6(a) authorized the court to revoke defendant's bond on its own motion, and the court could do so based on defendant being on pretrial release for a felony and committing a Class A misdemeanor or more serious offense. The State noted that defendant had committed four new felonies and at least two Class A misdemeanors, including resisting a peace officer causing an

injury, and defendant was also then currently on probation for the Class 4 felony of resisting a police officer, all of which could be used to justify revoking defendant's pretrial release.

¶ 14 The trial court agreed, stating, "Pursuant to [section 110-6(a) of the Code], I'm going to revoke the defendant's pretrial release on those files on which he is on pretrial release based on the commission of a new Class 2 Felony. And I will issue warrants for his arrest."

¶ 15 Defendant was arrested and, on December 14, 2023, appeared before the trial court, Judge Kliment. The State reminded the court that, while the charged offenses were not detainable under the Act, the court had revoked defendant's pretrial release based on the commission of new felonies while he was on pretrial release. Defense counsel reiterated that, on December 11, she objected to the revocation. Counsel requested that the court reconsider the revocation because defendant had not been present for the December 11, 2023, revocation hearing and because the State had not met its burden of showing that revocation was warranted. The court stated, "I will not reconsider that ruling." The court and the parties then discussed scheduling deadlines for the production of discovery and set future hearing dates. The court did not advise defendant about his rights regarding appealing the court's orders revoking his pretrial release.

¶ 16 On December 27, 2023, defendant filed notices of appeal in each of the four felony cases, case Nos. 23-CF-2167, 23-CF-2181, 23-CF-2434, and 23-CF-2647. On February 16, 2024, defendant moved to consolidate the four appeals, and, on the same day, we granted defendant's motion.

¶ 17                                    II. ANALYSIS

¶ 18 On appeal, defendant argues that the trial court erred by holding a revocation hearing when he was not personally present. Defendant also argues the court erred by considering the charges in case Nos. 23-CF-2181, 23-CF-2434, and 23-CF-2647 as bases for revocation when, on December 8, 2023, the trial court, Judge LoPiccolo, had held pretrial release hearing on each case

and entered orders granting defendant's pretrial release with conditions in each of the cases. Defendant last contends that the trial court erred in finding that no conditions of release would reasonably ensure defendant's future court appearances or prevent him from being charged with felonies or Class A misdemeanors in the future. We consider defendant's contentions in turn.

¶ 19                    A. Jurisdiction and Scope of Our Review

¶ 20    Before addressing the merits of defendant's contentions on appeal, we note that defendant concedes that there may be an issue with jurisdiction regarding the December 11, 2023, order. As an appellate court, we have an obligation to consider our jurisdiction and to dismiss an appeal if jurisdiction is lacking. *People v. Garcia*, 2015 IL App (1st) 131180, ¶ 65.

¶ 21    On appeal, defendant challenges the December 11, 2023, order revoking his pretrial release and the December 14, 2023, order denying his motion to reconsider the revocation of his pretrial release. On December 27, 2023, defendant filed his notices of appeal challenging both orders. Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) requires that, to appeal a trial court's order under sections 110-5, 110-6, and 116-6.1 of the Code (725 ILCS 5/110-5, 110-6, 110-6.1 (West 2022)) regarding pretrial release, a party must file a notice of appeal within 14 days of the challenged order. In 2023, the Christmas holiday fell on Monday, December 25, 2023, meaning that defendant could have timely filed his notice of appeal from the December 11, 2023, order on or before December 26, 2023. Defendant's December 27, 2023, notice of appeal is therefore untimely with regard to the December 11 order, but it is timely with regard to the December 14 order.

¶ 22    Defendant argues that the trial court's judgment on his motion to reconsider involves exactly the same issues as those in the court's judgment revoking his pretrial release. We agree. While a motion to reconsider is not required to perfect an appeal from a trial court's interlocutory order entered under sections 110-5, 110-6, and 110-6.1 of the Code (Ill. S. Ct. Rs. 604(h), 606(a)

(eff. Dec. 7, 2023)), there is also no prohibition within Rules 604(h) and 606(a) against filing a motion to reconsider (*id.*). A trial court has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority, and this inherent power extends to interlocutory rulings. *People v. Mink*, 141 Ill. 2d 163, 171 (1990). Thus, the issues within the motion to reconsider are squarely before us. *People v. Triplett*, 2024 IL App (2d) 230388, ¶¶ 10-11.

¶ 23    Defendant also argues that, because he was not properly admonished regarding his rights to appeal the trial court's revocation of his pretrial release, we should excuse the untimeliness of his notice of appeal regarding the December 11 order. We agree in part.

¶ 24    Illinois Supreme Court Rule 605(d) (eff. Dec. 7, 2023) requires the trial court to admonish defendant, relevantly, "that the right to appeal the order will be preserved only if a Notice of Appeal under Rule 604(h) is filed in the circuit court within 14 days from the date on which the order is entered." The record does not show that the trial court admonished defendant about his rights after it had revoked his pretrial release as required by Rule 605 either on December 11 (defendant was not present) or on December 14 (defendant was present, but the revocation was deemed a *fait accompli*). Thus, the trial court failed to give defendant the proper admonitions either following its ruling revoking his pretrial release or following its ruling denying defendant's motion to reconsider.

¶ 25    Defendant argues that, because he was not properly admonished, we should excuse the untimeliness of his notice of appeal. In support, defendant cites *People v. Dorsey*, 129 Ill. App. 3d 52, 55 (1984), and *People v. Williams*, 344 Ill. App. 3d 334, 338 (2003), for the proposition that we will excuse noncompliance with the rules of appellate procedure when defendant has not been properly admonished. Those cases, however, are distinguishable, because they concern the failure to file a motion to withdraw plea before filing a notice of appeal, and do not concern the impact of

an untimely filing of a notice of appeal. *Dorsey*, 129 Ill. App. 3d at 55 ("where the trial court fails to properly admonish the defendant regarding his appellate rights in compliance with Supreme Court Rule 605(b), a defendant should not be penalized for failing to follow the proper procedure to preserve those rights;" a motion to withdraw guilty plea is a prerequisite to filing an appeal to challenge the sentence); *Williams*, 344 Ill. App. 3d at 338 (improper admonition about preserving sentencing issue for appeal did not prejudice the defendant where he raised no sentencing challenge on appeal). Defendant cites no case in which the appellate court has excused a late notice of appeal due to the trial court's improper admonitions. Moreover, the procedure to excuse a late notice of appeal is set forth in Illinois Supreme Court Rule 605(c) (eff. Dec. 7, 2023), but defendant did not follow the rule's procedures and does not request that we consider his contention under Rule 605 (or any other rule), thereby forfeiting any such contention. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited"). Finally, rather than creating jurisdiction where none properly exists, the usual remedy where a defendant contends that he has been improperly admonished is to return the case to the trial court and allow it to proceed from that point, either delivering the correct admonitions or proceeding from the point immediately following correct admonitions. *E.g.*, *People v. Jamison*, 181 Ill. 2d 24, 30 (1998), *Dorsey*, 129 Ill. App. 3d at 56.

¶ 26    Accordingly, we hold that we lack jurisdiction over the December 11, 2023, order, and we properly have jurisdiction over the December 14, 2023, order. Moreover, because the December 14 order deals with the issues raised regarding the propriety of the December 11 revocation of pretrial release, we may consider them in this appeal, keeping in mind that we may only afford relief, if necessary, for any errors in the December 14 denial of the motion to reconsider.

¶ 27    Last, we consider the standard of review to apply to defendant's contentions on appeal. The issues arise from the trial court's judgment revoking defendant's pretrial release. A court's decision to revoke pretrial release is reviewed under the by now familiar two-part standard: the

court's factual findings are reviewed under the manifest-weight-of-the-evidence standard, and the ultimate decision about detaining the defendant is reviewed for an abuse of discretion. *People v. Perez*, 2024 IL App (2d) 230504, ¶ 13. A factual determination is against the manifest weight of the evidence only if the opposite conclusion to that of the trial court is clearly apparent. *Id.* An abuse of discretion occurs only where no reasonable person could agree with the trial court's judgment. *Id.*

¶ 28 However, we must keep in mind that we are not reviewing the December 11 order revoking defendant's pretrial release; we are reviewing the trial court's denial of defendant's motion to reconsider. The purpose of a motion to reconsider is to bring to the court's attention a change in the law, an error in the court's application of the law, or newly discovered evidence that was not available at the previous hearing. *People v. $280,020 U.S. Currency*, 372 Ill. App. 3d 785, 791 (2007). Generally the court's decision on a motion to reconsider is reviewed for an abuse of discretion. *Id.* But, where motion to reconsider is based only on the court's application or misapplication of existing law, it presents a legal issue for which our review is *de novo*. With these principles in mind, we now turn to defendant's contentions on appeal.

¶ 29                              B. In-Person Hearing

¶ 30 Defendant argues that the trial court erred by not holding an in-person revocation hearing. Section 110-6(a) of the Code provides, pertinently:

"A hearing at which pretrial release may be revoked must be conducted in person (and not by way of two-way audio-visual communication) unless the accused waives the right to be present physically in court, the court determines that the physical health and safety of any person necessary to the proceedings would be endangered by appearing in court, or the chief judge of the circuit orders use of that system due to operational challenges in conducting the hearing in person. Such operational challenges must be documented and

approved by the chief judge of the circuit, and a plan to address the challenges through reasonable efforts must be presented and approved by the Administrative Office of the Illinois Courts every 6 months." 725 ILCS 5/110-6(a) (West 2022).[3]

Defendant contends that, because he was not present at the December 11 hearing, the court did not comply with section 110-6(a) in conducting the revocation hearing. This issue presents a question regarding the application of existing law, and, as such, we review it *de novo*. *$280,020 U.S. Currency*, 372 Ill. App. 3d at 791.

¶ 31     The statute is clear: a revocation hearing must be conducted with the defendant personally present unless an exceptions applies: the defendant has waived his right to be physically present, there is a determination that an in-person hearing would endanger the health or safety of a necessary participant, or a there is a determination that operational challenges prohibit the conduct of in-person hearings. 725 ILCS 5/110-6(a) (West 2022), *People v. Gathing*, 2023 IL App (3d) 230491, ¶ 16. In *Gathing*, the defendant was in custody and appeared using a two-way audio-video communications system for a hearing on the State's petition to revoke his pretrial release. *Id.* ¶ 4. The trial court revoked the defendant's pretrial release, and the defendant appealed, arguing that his statutory right to an in-person hearing was violated. *Id.* ¶ 9. The appellate court held that the record did not establish any of the three exceptions and held that the trial court erred in holding the revocation hearing without the defendant being physically present. *Id.* ¶ 19.

¶ 32     In this case, defendant was not present at the December 11 revocation hearing. The record does not indicate any reason for defendant's absence from the hearing—on December 8, 2023, defendant was present after he had been arrested for failing to appear at a December 7, 2023,

---

[3]Section 110-6.1(f)(3.5) of the Code repeats the quoted passage nearly verbatim, substituting "denied" for "revoked." 725 ILCS 5/110-6.1(f)(3.5) (West 2022).

hearing, and the trial court both orally and in written orders, indicated that defendant was due to appear before Judge Kliment on December 11. On December 11, defendant failed to appear and was subsequently arrested. On December 14, when defendant appeared before Judge Kliment, the trial court did not inquire about his December 11 absence or ascertain its cause. In addition, the trial court did not grant defendant's motion to reconsider and then hold an in-person revocation hearing, and it did not ascertain whether any of the exceptions to the in-person requirement were established. The record clearly shows that neither the exceptions for danger to a necessary party nor operational challenges were potentially applicable. The only possibly applicable exception to the in-person hearing requirement of section 110-6(a) is the waiver exception.

¶ 33   A waiver is the intentional relinquishment of a known right. *People v. Bartels*, 2022 IL App (3d) 190635, ¶ 21. To show that defendant waived his right to be physically present, at a minimum, there would need to be evidence that defendant intentionally absented himself, and evidence that defendant was aware that he had right to be physically present for a revocation hearing. As to defendant's knowledge of his right to be present, the record is devoid of any admonitions regarding defendant's rights in revocation hearings or pretrial detention hearings. Similarly, as to whether defendant was willfully absent from the December 11, hearing, the record shows only that he did not attend that hearing. Defendant was not asked about his absence, and he did not volunteer any statements about his absence. At best, the record shows that, on December 8, defendant was informed of the December 11 hearing before Judge Kliment, but there is nothing else in the record to indicate that defendant intended to be absent. Taken together, then, the record does not support a conclusion that defendant waived his right to be physically present.

¶ 34   The State argues that, to entertain defendant's contention would allow any defendant to "frustrate the court's ability to conduct a [revocation] hearing on its own motion by failing to appear in court." This argument is specious. The trial court here issued arrest warrants in each of

defendant's open cases and, unsurprisingly, defendant was apprehended and brought before the court. All any court would need to do to conduct a revocation hearing on its own motion would be to, at the time that the defendant is brought before it, conduct a revocation hearing on its own motion. Further, the court here was informed, in defendant's motion to reconsider, that it had conducted a revocation hearing (and we agree with the State that the hearing was on the court's own motion) without the presence of defendant. The court had the opportunity to make a record to demonstrate that defendant had waived his presence, and it also had the opportunity to vacate the December 11 order and conduct a proper revocation hearing while defendant was physically present. The court did neither.

¶ 35    The State also seeks to distinguish *Gathing* on the basis that that "defendant here failed to appear in court when required." While this is a salient point, it does not diminish the import of *Gathing*. Here, as in *Gathing*, 2023 IL App (3d) 230491, ¶ 17, the record "does not establish any of the three exceptions to section 110-6's in-person hearing requirement." Defendant's absence from the December 11 hearing, as discussed above, does not demonstrate that he waived the requirement. Thus, we reject the State's contention that *Gathing* is distinguishable.

¶ 36    Accordingly, we find that the trial court erred in entering the December 11 revocation order. However, because we lack jurisdiction over the December 11 order, we cannot grant defendant's request to vacate that order. Nevertheless, the trial court also erred in denying defendant's motion to reconsider—over which we do have jurisdiction. We therefore reverse the trial court's judgment denying the motion to reconsider and remand the cause for further proceedings consistent with this order.

¶ 37                    C. Use of Charges in the Revocation Hearing

¶ 38    Defendant argues that the trial court erred in revoking his pretrial release based on charges on which Judge LoPiccolo granted defendant's pretrial release (case Nos. 23-CF-2167, 23-CF-

2181, and 23-CF-2434). While our judgment reversing the trial court's December 14 order renders this issue moot, it is likely to recur, and we therefore choose to consider it. *People v. Wilson*, 116 Ill. 2d 29, 41 (1987). Defendant's contention requires us to interpret section 110-6(a) of the Code. The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of legislature, the best indication of which is the statutory language given its plain and ordinary meaning. *People v. Jamison*, 229 Ill. 2d 184, 188 (2008). Our review of issues of statutory interpretation is *de novo*. *People v. Morales*, 2024 IL App (2d) 230597, ¶ 12.

¶ 39     Section 110-6(a) provides:

"[1] When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.

[2] [Specific procedures for violations of an order of protection, not applicable here.]

[3] Upon the filing of a petition or upon motion of the court seeking revocation, the court shall order the transfer of the defendant and the petition or motion to the court before which the previous felony or Class A misdemeanor is pending. The defendant may be held in custody pending transfer to and a hearing before such court. The defendant shall be transferred to the court before which the previous matter is pending without unnecessary delay, and the revocation hearing shall occur within 72 hours of the filing of the State's petition or the court's motion for revocation.

[4] [In-person requirement and exceptions discussed above.]

[5] The court before which the previous felony matter or Class A misdemeanor is

- 14 -

pending may revoke the defendant's pretrial release after a hearing. During the hearing for revocation, the defendant shall be represented by counsel and have an opportunity to be heard regarding the violation and evidence in mitigation. The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.

[6] In lieu of revocation, the court may release the defendant pre-trial, with or without modification of conditions of pretrial release.

[7] If the case that caused the revocation is dismissed, the defendant is found not guilty in the case causing the revocation, or the defendant completes a lawfully imposed sentence on the case causing the revocation, the court shall, without unnecessary delay, hold a hearing on conditions of pretrial release pursuant to Section 110-5 [of the Code (725 ILCS 5/110-5 (West 2022))] and release the defendant with or without modification of conditions of pretrial release.

[8] Both the State and the defendant may appeal an order revoking pretrial release or denying a petition for revocation of release." *Id.* § 110-6(a).

We have included bracketed numbers of the paragraphs for ease of our discussion.

¶ 40    The meaning of section 110-6(a) is clear and unambiguous. Paragraph 1 generally sets forth the elements necessary for a revocation of pretrial release, and the ensuing paragraphs add necessary details about the revocation procedure. Specifically, paragraph 1 provides that pretrial release may be revoked only if: (1) the defendant is on pretrial release (2) under section 110 of the Code (3) for a felony or Class A misdemeanor, and (4) after a hearing, (5) the defendant is charged

(6) with a felony or class A misdemeanor (7) alleged to have occurred while the defendant on pretrial release. *Id.* The revocation can be triggered either on the trial court's own motion, or by the State filing a verified petition. *Id.*

¶ 41 The remaining paragraphs fill in the necessary details of the revocation process. Paragraph 2 deals with the special case of protective orders. *Id.* Paragraph 3 provides time limits for holding the revocation hearing and for the disposition of the defendant while the revocation is pending. *Id.* Paragraph 4 deals with the in-person hearing requirement and its exceptions (which we considered above). *Id.* Paragraph 5 provides the standards the trial court is to consider in deciding whether to revoke the defendant's pretrial release. *Id.* Paragraph 6 provides the possible relief that may be ordered on the motion or petition to revoke, meaning that the judgment on a petition or motion for revocation is not simply binary: granted or denied; the judgment may result in modifying the conditions of the defendant's pretrial release, continuing those conditions undisturbed, or revoking pretrial release and detaining the defendant. *Id.* Paragraph 7 describes the procedures when the case causing the revocation is resolved in the defendant's favor or when the defendant completes any sentence associated with that case. *Id.* Paragraph 8 confers the right to appeal the trial court's decision to both the defendant and the State. *Id.*

¶ 42 The key, then, to accomplishing a revocation of pretrial release lies in paragraph 1. The petition or court's motion must demonstrate that "the case that caused the revocation" is a felony or a Class A misdemeanor and is alleged to have occurred during the time that the defendant was on pretrial release pursuant to the Act for an earlier felony or Class A misdemeanor charge. Defendant argues that, if a defendant is charged with a felony or Class A misdemeanor, the new case must be used as a basis for revocation and, if it is not, then it cannot be used as a basis for revocation thereafter—essentially, use it or lose it. Contrary to defendant's argument, there is nothing in the text of the Act that requires the State or the court to make the choice between using

the newly charged case as a basis for revocation or losing it as a basis for revocation; the text requires nothing more than "the case that [is causing] the revocation" is a felony or Class A misdemeanor, and that it was charged against the defendant while he was on pretrial release pursuant to the Act. Defendant's argument would require us to depart from the plain text of the Act and to read into it limitations not expressed by the legislature. This we cannot do. *People v. Watkins-Romaine*, 2024 IL App (1st) 232479, ¶ 29 (where the statutory language is clear and unambiguous, it will be enforced as written and exceptions, conditions, or limitations that the legislature did not express will not be read into it under the guise of statutory interpretation).

¶ 43    Defendant argues that paragraph 3 of section 110-6(a) reveals the legislative intent. Defendant contends that:

> "when the State or the court seeks revocation, 'the court shall order the transfer of the defendant and the petition or motion to the court before which the previous felony or Class A misdemeanor is pending,' this transfer is not required if revocation is not sought. [725 ILCS 5/110-6(a) (West 2022).] And where the court chooses to order the defendant's release with conditions, the case will return to the judge previously presiding over the matter for a status hearing instead of a revocation hearing."

We note that defendant omits the beginning phrase of paragraph 3 of section 110-6(a): "[u]pon the filing of a petition or upon motion of the court seeking revocation, the court shall order the transfer of the defendant and the petition or motion ***." This opening phrase refutes defendant's contention.

¶ 44    "Upon" is pertinently defined as "immediately following on," or "very soon after." Webster's Third International Dictionary 2518 (1993). Thus, paragraph 3 comes into play when the State or the court initiates the revocation process, not when "the case that [is causing] the

revocation" first comes before any court. Defendant's argument is contrary to the actual language employed in section 110-6(a), and we reject it.

¶ 45    Without the acceptance of defendant's "use it or lose it" construction of section 110-6(a), the remainder of his argument on this point collapses. For example, defendant argues that, "[o]nce a court reinstates a defendant's pretrial release following allegations of a new offense, the court should not be permitted to revoke pretrial release based on the same offense." Defendant's argument has at least two insurmountable problems. First, "reinstates" refers to the original offense, not the new offense that is being considered for pretrial release. However, the court is granting pretrial release on the newly charged offense, not the original offense, so there can be no "reinstates," only "instates." Thus, defendant is arguing that, once the court grants pretrial release on the newly charged offense, it cannot be permitted to use the newly charged offense as a basis to revoke the defendant's pretrial release on the original offense. As discussed above, this limitation is not included in the text of section 110-6(a), and defendant is thus arguing that a proper interpretation of section 110-6(a) would require this court to add a limitation not expressed by the legislature, which we cannot do. *Watkins-Romaine*, 2024 IL App (1st) 232479, ¶ 29. Second, defendant's argument conflates both the courts and the charges, mixing up the court overseeing the original charge with the court overseeing the new charge, and the original charge with the new charge, until the reader can no longer tell up from down. As such, the argument is confusing and unmoored from the statutory language, and it typifies the remainder of defendant's contentions on this point. We therefore need not further address them.

¶ 46    Accordingly, because this issue is likely to recur upon[4] remand, we hold that, should the State decide to petition or the court decide to *sua sponte* move to revoke defendant's pretrial

_____

[4]We have deliberately used "upon" here and note that, by it, we mean "immediately

release in case No. 23-CF-2167 (or any other eligible case), section 110-6(a) does not forbid the use of any qualifying offenses as bases for revocation even though defendant may have already been granted pretrial release on those qualifying offenses.

¶ 47                                    C. The Trial Court's Findings and Decision

¶ 48     Defendant also argues that the trial court erred in finding that no conditions of release would reasonably ensure defendant's future appearances in court or prevent him from being charged with a new felony or Class A misdemeanor. Unlike the previous issue, which presented the legal issue of statutory construction, this issue may or may not recur after the cause has been remanded because it depends on actions that may or may not occur. Accordingly, we decline to address this issue as doing so would amount to an advisory opinion. *State by Raoul v. Hitachi, Ltd.*, 2021 IL App (1st) 200176, ¶ 51.

¶ 49                                    III. CONCLUSION

¶ 50     For the foregoing reasons, we dismiss the portion of defendant's appeal pertaining to the December 11, 2023, order, we reverse the December 14, 2023, order of the circuit court of Kane County denying reconsideration, and we remand the cause for further proceedings consistent with this order.

¶ 51     Dismissed in part and reversed in part; cause remanded.

---

following on the occasion of the case being remanded" or "very soon after the case is remanded."