2025 IL App (2d) 250246-U
No. 2-25-0246
Order filed September 9, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-188 |
| KENYATTA L. TRIPLETT, JR., | ) ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's decision to continue to detain defendant was not erroneous.

¶ 2   On June 9, 2025, the trial court determined that the continued detention of defendant, Kenyatta L. Triplett, Jr., was necessary to avoid a real and present threat to the safety of any person or persons in the community. Defendant appeals. For the reasons that follow, we affirm.

¶ 3                              I. BACKGROUND

¶ 4   This is the third time that we have considered defendant's request for pretrial release. See *People v. Tripplett*, 2024 IL App (2d) 230388 (*Tripplett I*); *People v. Tripplett*, 2024 IL App (2d)

240049-U (*Tripplett II*). As relevant to this appeal, the record reveals that on February 6, 2023, the car that defendant was driving was pulled over for a license plate violation. At the time, defendant was on probation on a McLean County charge of possession of a controlled substance. Defendant remained in the car, but two men jumped out and ran. Police gave chase and found two guns, which they sent to the crime lab for testing. Defendant was not arrested and no charges were filed at that time.

¶ 5    Eleven days later, on February 17, 2023, four men arrived at a barbershop in Waukegan, waited until the victim emerged, and then fired at least 56 rounds at him. The victim survived. Defendant was eventually charged with attempted murder (720 ILCS 5/9-1(a)(1) (West 2022)), a Class X felony, and aggravated battery with a firearm (*id.* § 12-3.05(e)(1)), a Class 1 felony, in connection with this shooting.

¶ 6    Defendant was arrested on those charges on April 18, 2023. His conduct during the arrest led to an additional charge of fleeing and eluding a police officer, a Class A misdemeanor. At arraignment, his bail was set at $1 million. He was eventually able to post bond and was released on June 30, 2023.

¶ 7    Defendant remained out on bond until September 20, 2023, when the trial court ordered him detained on a petition for pretrial detention that had been filed by the State in August. See 725 ILCS 5/110-6.1 (a) (1) (West 2022). Defendant appealed that pretrial detention order.

¶ 8    On January 10, 2024, the crime lab issued a report on the guns found after defendant's passengers fled the traffic stop in February 2023. One of the guns was a Glock 21 Gen .45 handgun with an extended clip and a device that made it fully automatic. The forensic report stated that a search of CODIS had found an association between DNA swabbed from the grip of that gun and a DNA profile of defendant. The report also stated that "[t]his association is not confirmed without

further comparison analysis" and that a DNA sample from defendant would be necessary to confirm the association.

¶ 9    On January 17, 2024, we reversed defendant's pretrial detention, finding that the State's August 2023 petition for pretrial detention was untimely. *Tripplett I*, 2024 IL App (2d) 230388. Pursuant to our reversal, defendant was released.

¶ 10    On January 25, 2024, the State charged defendant with unauthorized use of a weapon, specifically, with possessing the Glock within the passenger compartment of a vehicle (*id*. § 24-1(a)(7)(i)). When defendant learned of the charge, he voluntarily surrendered to the police.

¶ 11    The State filed a petition to detain defendant. 725 ILCS 5/110-6.1 (West 2022). The State alleged that there was probable cause to show that defendant committed the alleged offenses and that his pretrial release posed a real and present threat to the safety of any person or persons or the community. The State noted that after the charged offense occurred, defendant had been charged with attempted murder and aggravated battery in connection with the Waukegan shooting. Further, the two offenses both involved firearms, indicating that defendant posed a threat to the community. The State argued that no set of conditions could mitigate this threat because electronic monitoring could not "confine the Defendant to his home with certainty."

¶ 12    Following a hearing, the trial court granted the State's petition for pretrial detention. The trial court found that the State had presented clear and convincing evidence that defendant had committed the charged offense. The gun appeared to have been discarded by one of the passengers in defendant's car, indicating that it had been in the car with defendant. Further, the crime lab tested the grip of the gun and "got a hit" for defendant's DNA. The trial court noted that "down the line" defendant might be able to raise a reasonable doubt about when or even whether he had

held the Glock and whether he "possessed" it on the date charged, but that was not the standard confronting the court during the pretrial detention hearing.

¶ 13   As for whether defendant posed a threat to the safety of the community, the trial court focused on the charges currently faced by defendant, which included not only the weapons charge in this case but also the charges of attempted murder and aggravated battery, and the fleeing and eluding charge.  The trial court also noted that defendant had been on probation for the McLean County drug charge when he committed the current offense.  Both of the February 2023 incidents involved guns, and both were Class X felonies.  Further, the McLean County drug charge was a felony.  Based on defendant's criminal history and the characteristics of the charged offenses, the trial court found that defendant was "inherently dangerous to the community."  The trial court also found that there were no conditions that could mitigate the threat posed by defendant.

¶ 14   On appeal, this court affirmed.  *Triplett II*, 2024 IL App (2d) 240126-U, ¶ 32.   We held that the record supported the trial court's determination that there was clear and convincing evidence that (1) defendant committed the charged offenses; (2) he was a real and present threat to the safety of any person or persons or the community; and (3) there were no conditions of release that could mitigate the threat the defendant posed.  *Id.* ¶¶ 24-29.

¶ 15   On June 2, 2025, defendant renewed his motion for pretrial release.  In considering that motion, the trial court stated:

> "[T]o the extent that I'm being asked to overrule or modify anything [the previous trial court] has ruled already, I decline to do [so].  *** The Court does not find a substantial change in circumstances[.]  [T]he Court finds continuation of the findings of the danger to the community, albeit now that the victim of that case is deceased.  So the motion is denied."

¶ 16    On June 9, 2025, the trial court ordered that defendant's pretrial detention to continue. Defendant filed a timely notice of appeal from that order.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, defendant raises the same arguments that he did in *Triplett II*: that being, the State failed to meet its statutory burden to overcome the presumption that he should be released prior to trial.

¶ 19    Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e).

¶ 20    After the trial court orders pretrial detention, section 110-6.1(i-5) of the Code provides that

> "[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022).

¶ 21    Thus, at each subsequent appearance or hearing, a court ordering continued pretrial detention must make certain findings based on specific, articulable facts, just as at an initial detention hearing. *People v. Harris*, 2024 IL App (2d) 240070, ¶ 37. However, subsequent

determinations are not subject to every statutory requirement that applies to initial detention hearings. *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13 ("the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing").

¶ 22    Therefore, we do not consider the propriety of the findings at the initial hearing. Rather, we review only the trial court's subsequent determination that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* In reviewing the trial court's determination on continued detention, we note that some courts have applied an abuse of discretion standard (*Id.* ¶¶ 11-13) while others have applied a *de novo* standard (*People v. Brito*, 2025 IL App (1st) 242601-U). We need not resolve which is the appropriate standard of review, however, because under either standard the trial court's decision to continue to detain defendant was not erroneous.

¶ 23    Here, defendant was on probation for a felony when he committed the alleged offense. In conjunction with the other crimes defendant allegedly committed with a gun during a short time period, these facts support the trial court's determination that defendant's continued detention was necessary to protect others. Accordingly, there is no basis to disturb the trial court's decision.

¶ 24                          III. CONCLUSION

¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 26    Affirmed.